PER CURIAM:
Claimants brought this action to recover damages to their 1994 Mitsubishi Mirage which occurred when claimant Jeffrey Smith was driving their vehicle on County Route 73/73 in Marion County and the vehicle struck a hole in the highway. Respondent maintains County Route 73/73 in Marion County as part of the State road system. The Courtis of the opinion to make an award to claimants for the reasons set forth herein below.
Claimant Jeffrey Smith, the son of claimant Carolyn Smith, was operating claimants’ vehicle on August 13, 2002, on County Route 73/73 in Marion County at about 9:30 p.m. It was dark at that time and he was traveling at approximately 45 miles per hour. There was one vehicle in front of him and two oncoming vehicles. He intended to proceed more to the right side of his lane due to the oncoming traffic when the vehicle struck a large hole on the right side of the highway. He was aware that there was a large hole in the pavement but he was not sure of its exact location that evening since it was dark. Mr. Smith described the hole as being six to eight inches deep Photographs admitted into evidence depict the hole at the edge of the roadway from the berm area into the white edge line on County Route 73/73. The vehicle sustained damage to two wheels, one tire, and it had to be realigned. Claimants incurred costs in the amount of $651.04 for the repairs to their vehicle.
John Michael Barberio, respondent’s Highway Administrator in Marion County, testified that he is familiar with County Route 73/73 which is a secondary road that is blacktopped with white edge lines and a yellow center line. It is twenty-two (22) feet wide from edge to edge. It is on a three-year schedule for berm repair and ditching although the road surface is repaired more often for patching holes. He is aware that track traffic using County Route 73/73 hugs the berm in the right turns and causes the deterioration to the berm.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to ho Id respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
*261 The Court finds in this claim that respondent had constructive, if not actual, notice of the deteriorated condition of the berm on County Route 73/73 in Marion County on the date of claimant Jeffrey Smith’s encounter with the hole at the edge of the pavement. The photographs depict a deep depression from part of the white edge line into the berm. This condition was the proximate cause of the damages to claimants’ vehicle. The Court, therefore, will grant a recovery to the claimants for the damages to their vehicle.
Accordingly, the Court is of the opinion to and does grant an award to claimants in the amount of $651.04.
Award of $651.04.